UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | 3:96 CR 00028-001 |
| ) | |
| JOHN A DETTMER ) | |

## SENTENCING MEMORANDUM

### I. Procedural History

The defendant, John A Dettmer was charged in Counts One through Ten of a Ten Count indictment returned by a grand jury in this district on August 8, 1996. Count One of the indictment was severed from the remaining counts and defendant proceeded to trial. Count One charged the defendant with Mail Fraud, in violation of 18 U.S.C. § 1341. On January 31, 1997, the defendant was found guilty of Count One. On October 23, 1997, defendant entered a plea of guilty to counts Two and Nine of the indictment. Counts Two and Nine charge the defendant with Mail Fraud in violation of 18 U.S.C. § 1341 and 42 U.S.C. § 1320(a) - 7b(a)(1).

Because the offense occurred after November 1, 1987, the Sentencing Reform Act of 1984 and the United States Sentencing Commission Guidelines (U.S.S.G.), as amended November 1, 1997, apply to this sentencing, pursuant to *Miller v. Florida*, 482 U.S. 423 (1986).

### II. The Presentence Report

The defendant, defense counsel, and the government have reviewed the presentence report, as has the court. The defendant objects to paragraphs 64, 65 and 128 concerning the government's recommendation for a two-level enhancement for obstruction of justice. The government objects to paragraphs 118-120 and 130 concerning the Probation Officer's recommendation that no

reduction for acceptance of responsibility be given. The Court accepts the government's recommendation for the reduction. All other paragraphs of the presentence report not specifically addressed are adopted by the court as findings of fact and statements of reason for imposition of sentence in this case.

### III. The Plea Agreement

The defendant and the government have entered into a plea agreement which provides that: 1) the defendant will plead guilty to Counts Two and Nine and is aware that the maximum penalty for each count is five (5) years imprisonment, a $250,000 fine, three (3) years supervised release and a $50 special assessment fee; 2) the defendant will make restitution, payable on the day of sentencing, totaling $120,000 for the actual loss caused by his Medicaid fraud. He will also reimburse the Indiana Medicaid Fraud Control Unit $300,000 for investigative and other costs; 3) the defendant waives his right to appeal this sentence on any ground and will not contest the sentence in any post conviction proceedings; 4) the defendant agrees that he was more than a minimal or minor participant in this criminal activity for the purposes of sentencing; 5) the defendant further agrees that a two-level sentencing enhancement is warranted for his offense which involved more than minimal planning; 6) defendant agrees that the Medicaid loss totals $120,000. The government has agreed to make a non-binding recommendation that the defendant receive a three-level reduction in offense level for acceptance of responsibility. Finally, the parties have agree to make a binding recommendation that the defendant be sentenced to thirteen (13) months imprisonment and $750,000 in fines. In exchange for the defendant's plea of guilty to counts Two and Nine of the indictment, the government agrees to dismiss counts Three, Four, Five, Six, Seven, Eight and Ten at the time of sentencing.

### IV. The Defendant's Offense Level

Pursuant to U.S.S.G. § 3D1.2(d), counts One, Two and Ten are grouped together for sentencing. A violation of 18 U.S.C. § 1341 and 42 U.S.C. § 1320a - 7b(a)(1) calls for a base offense level of six (6) pursuant to U.S.S.G. § 2F1.1(a). Because the loss amount is more than $120,000, U.S.S.G. § 2F1.1(b)(1)(H) requires a seven (7) level increase to the base level. Pursuant to U.S.S.G. § 2F1.1(b)(2)(A), the base is further enhanced by two (2) levels because the offense involved more than minimal planning.

It is the government's position that defendant's sentence warrants an additional two (2) level increase for Obstruction of Justice pursuant to § 3C1.1 which requires that:

> The defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense.

In order to apply an obstruction increase in determining a sentence, the trial court must find on the record that the defendant willfully obstructed or attempted to obstruct justice, and that the obstruction was material. *United States v. Draves*, 103 F.3d 1328 (7th Cir. 1997), *cert. denied*, 117 S. Ct. 2528; *United States v. Mitchell*, 64 F.3d 1105 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 1549. An allegedly obstructive act is material if it would tend to influence or affect the issue under determination. *United States v. Yusufu*, 63 F.3d 505 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 578; *Mitchell, Supra*; U.S.S.G. § 3C1.1 App. Note 5.

The government contends that the defendant "took the stand and perjured himself" by denying he ever intended or attempted to defraud State Farm Insurance. The government claims defendant also lied when he stated he never concealed certain facts from State Farm. The determination of perjury supporting an obstruction of justice enhancement must be based on a

3

traditional perjury test which requires finding that the witness testifying under oath or affirmation gave false testimony concerning a material matter with willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. U.S.S.G. § 3C1.1, 18 U.S.C.A.; *United States v. Dunnigan*, 507 U.S. 87 (1993). To establish obstruction of justice as the basis for enhancement under the Sentencing Guidelines, the sentencing court must make an independent factual finding that the defendant engaged in a *willful* attempt to provide false testimony. *United States v. Smith*, 103 F.3d 600 (7th Cir. 1996)(emphasis added); *see* Fed.R.Crim.Proc. 32(c)(3)(D); *Burns v. United States*, 501 U.S. 129 (1991); *United States v. Sinclair*, 74 F.3d 753 (7th Cir. 1996). Furthermore, in conducting this review, the court must evaluate the defendant's testimony in the light most favorable to him. *United States v. Scott*, 91 F.3d 1058 (8th Cir.1996); *United States v. Mylett*, 97 F.3d 663 (2d Cir. 1996), *cert. denied*, 117 S. Ct. 2509 (1997). In fact, Application Note 1 to U.S.S.G. § 3C1.1 cautions that "[i]n applying this provision in respect to alleged false testimony or statements by the defendant, such testimony or statements should be evaluated in a light most favorable to the defendant." *United States v. Ruggiero*, 100 F.3d 284 (2d Cir. 1996). The standard implicated by this language is obviously different — and more favorable to the defendant — than the preponderance of evidence standard. *United States v. Cunavelis*, 969 F.2d 1419 (2d Cir. 1992). Mere inconsistencies in witness testimony do not render it legally incredible. *United States v. Lozoya-Morales*, 931 F.2d 1216 (7th Cir. 1991); *United States v. Dunigan*, 884 F.2d 1010 (7th Cir. 1989).

The district judge, deciding whether to apply a sentence enhancement for obstruction of justice need not conduct a mini-trial with respect to each of the defendant's false statements. *United States v. Godinez*, 110 F.3d 448 (7th Cir. 1997). Moreover, the United States Supreme Court has

4

held that the authority of a sentencing judge to evaluate carefully a defendant's testimony, determine whether that testimony contained willful and material falsehoods, and if so, assess whether that factor should contribute to the sentence does not require that the sentencing judge enhance, in some wooden or reflex fashion, the sentences of all defendants whose testimony is deemed false. *United States v. Grayson*, 438 U.S. 41 (1978); *United States v. Corn*, 956 F.2d 135 (7th Cir.), *cert. denied*, 503 U.S. 965 (1992). The sentencing judge, after weighing the evidence, should resolve in favor of the defendant those conflicts about which the judge has no firm conviction. U.S.S.G. § 3C1.1, note 1; *Ruggiero*, 100 F.3d at 294; *United States v. Matos*, 907 F.2d 274 (2d Cir. 1990).

In the present case, defendant testified at trial the he did not believe he was committing a crime when he submitted his insurance forms to State Farm. The record shows that the defendant was involved in an auto accident and did have at least some injury related to the accident. Furthermore, the defendant did received treatment for his injury. Regardless of defendant's subjective intent when he filed his insurance claims for this treatment, the fact remains that he filed forms with false information. The jury found him guilty for this fraud. This is sufficient. This Court will not impose an obstruction of justice enhancement.

Pursuant to U.S.S.G. § 3E1.1 and the government's binding recommendation, the defendant is given a three level reduction for acceptance of responsibility. Thus, his total offense level is fourteen (14). The defendant has zero criminal history points, placing him in criminal history category I.

### V. The Defendant's Sentence

Accordingly, this Court holds the government to its negotiated and agreed upon plea agreement and sentences the defendant as follows:

5

With a total offense level of fourteen (14) and a criminal history of I, the applicable Guideline range for imprisonment is 15 - 21 months. The defendant is sentenced to a term of 13 months, to be followed by 3 years of supervised release as required by 18 U.S.C. § 3583(b)(2) and U.S.S.G. § 5D1.1(a). The conditions of supervised release shall include the thirteen standard conditions as listed under U.S.S.G. § 5B1.4, as well as the nine (9) conditions listed in the presentence investigation report. The Court recognizes that the sentence imposed is two (2) months less than the minimum guideline range, however the government and the defendant entered into a binding plea agreement agreeing to and resolving all issues relating to defendant's sentence. Because in negotiating a plea a defendant is agreeing to surrender his constitutional rights, including his liberty, courts must closely scrutinize the promise made by the Government. *United States v. Hayes*, 946 F.2d 230, 233 (3d Cir. 1991). It is this Court's intention to honor that agreement. When the government obtains a guilty plea in exchange for a promise or agreement with the U.S. Attorney, such promise or agreement must be fulfilled. *See Santobello v. New York*, 404 U.S. 257, 262, (1971); *United States v. Belt*, 89 F.3d 710 (10th Cir. 1996). In *Santobello*, the Supreme Court held that when a "plea rests in any significant degree on a promise or any agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S. Ct. at 499.

This sentence is to commence at 12:00 noon on April 13, 1998, when the defendant is ordered to report to the office of the United States Marshal in South Bend, Indiana or to the designated institution. The Court recommends this defendant be placed in a "work camp" setting, the location of which is to be determined by the proper authorities. The court finds that this sentence sufficiently punishes this defendant for his criminal conduct and therefore satisfies the purposes of

6

sentencing as set forth in 18 U.S.C. § 3553(a).

Pursuant to 18 U.S.C. § 3663, restitution is appropriate in this case. The defendant is required to pay restitution in the amount of $1,063.00 to State Farm Mutual Insurance Company, $120,001 to Medicaid, and $300,000 to the Medicaid Fraud Control Unit. This amounts to a total of $421,064.00. This amount is to be paid to the United States District Court for disbursement. Defendant has agreed to pay $420,001.00 at the time of sentencing.

Additionally, a fine is warranted in this case. The maximum applicable fine on each count pursuant to 18 U.S.C. § 3571 is $250,000. The parties have agreed to a total fine of $750,000. Furthermore, the court must and does assess a special assessment fee of $50.00 for each count for a total of $150.

The clerk shall prepare judgment. The clerk shall also provide a copy of this Sentencing Memorandum to the United States Probation Department for forwarding to the United States Sentencing Commission.

**IT IS SO ORDERED.**

DATED: February 2, 1998

s/Allen Sharp
**ALLEN SHARP, JUDGE**
**NORTHERN DISTRICT OF INDIANA**