UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
-------------------------------------------------
UNITED STATES OF AMERICA

JUDGMENT IN A CRIMINAL CASE

v.

Cause No. 3:96cr0028AS

JOHN A. DETTMER
(Name of Defendant)

Don A. Tabbert
Defendant's Attorney

THE DEFENDANT:
_X_ pleaded guilty to count (s) _2 and 9_.
_X_ was found guilty on count _1_ after a plea of not guilty (severed count).

   Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No(s). |
|---|---|---|---|
| 18:1341 | Mail Fraud | 11/93 | 1 & 2 |
| 42:1320a-7b(a)(1) | Medicaid/Medicare Billing Fraud | 11/93 | 9 |

Defendant is sentenced as provided in pages 2 through _6_ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_X_ Count(s) _3, 4, 5, 6, 7, 8 and 10_ are dismissed on motion of the United States.

_X_ It is ordered that defendant shall pay to the United States a special assessment of $_150.00_, for Count(s) _1, 2 and 9_ which shall be due **immediately** as follows: payable to Clerk, U.S. District Court, 102 Federal Bldg., 204 S. Main St., South Bend, Indiana 46601. It is further ordered that the defendant shall notify the Clerk, of the United States District Court for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number:
_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_

February 2, 1998
**Date of Imposition of Sentence**

Defendant's Date of Birth:
_November 13, 1953_

s/Allen Sharp
**Allen Sharp, Judge**

Defendant's Mailing Address:
51904 Quail Valley Drive
Granger, Indiana 46530

**United States District Court**

Defendant's Residence Address:
Same as above

February 2, 1998
**Date**

Defendant: DETTMER, JOHN A.            Judgment - Page 2 of 6
Case No:    3:96cr0028AS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>Thirteen (13) months</u>.

_X_ The Court makes the following recommendations to the Bureau of Prisons: That the defendant be placed in a "work camp" setting, the location of which is to be determined by the proper authorities.

_X_ The defendant shall surrender to the U.S. Marshal for this district at South Bend, Indiana OR directly to the designated institution by 12:00 noon on <u>April 13, 1998</u>.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
**United States Marshal**

By_____
**Deputy Marshal**

Defendant: DETTMER, JOHN A.  
Case No: 3:96cr0028AS

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  Three (3) years                                                                                           .

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance or possess a firearm or destructive devise. The defendant shall comply with the standard conditions that have been adopted by this court. If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

_X_ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

_X_ The periodic drug testing mandated by the Violent Crime control and Law Enforcement Act of 1994 is hereby suspended. The Court finds that this offense is not drug related, and this defendant has no current or past history of substance abuse.

_X_ The defendant shall pay restitution in the total amount of $121,064.00 immediately, to the United States District Court Clerk's Office for the Northern District of Indiana. Disbursement of restitution is to be made as listed in the restitution page of this judgment.

_X_ The defendant shall pay immediately the cost of investigation in the amount of $300,000.00 to the United States District Court Clerk's Office for the Northern District of Indiana for disbursement to the party listed in the restitution page of this judgment.

_X_ The defendant shall immediately pay fines totaling $750,000.00 to the United States District Court Clerk's Office for the Northern District of Indiana.

_X_ The defendant shall provide the probation officer with access to any requested financial information.

_X_ The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

_X_ The defendant shall allow his license as a chiropractor to lapse into inactive status and not resume work as a chiropractor.

Defendant: DETTMER, JOHN A.  
Case No:   3:96cr0028AS

Judgment - Page 4 of 6

# STANDARD CONDITIONS OF SUPERVISION

While defendant is on probation or supervised release pursuant to this Judgment, the defendant shall not commit another Federal, State or local crime.  In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling,  training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being-arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: DETTMER, JOHN A.  Judgment - Page 5 of 6
Case No:   3:96cr0028AS

# FINE

The defendant shall pay a fine of $ 750,000.00. The fine includes any costs of incarceration and/or supervision.

_X_ This amount is the total of the fines imposed on individual counts, as follows: $250,000.00 on each of counts 1, 2 and 9.

This fine shall be paid immediately.

Defendant: DETTMER, JOHN A.  
Case No: 3:96cr0028AS

Judgment-Page 6 of 6

# RESTITUTION AND FORFEITURE

## RESTITUTION

_X_ The defendant shall make restitution to the United States District Clerk's Office in the total amount of $421,064.00 for distribution to the following:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| State Farm Mutual Automobile Insurance Company<br>Attn: Shirley Van Driessche<br>Mishawaka Service Center<br>118 West Edison Road<br>P.O. Box 5049<br>Mishawaka, Indiana 46546 | $ 1,063.00 |
| Indiana Attorney General<br>Medicaid Fraud Control Unit<br>Re: John Dettmer Restitution<br>402 West Washington Street<br>Room C553<br>Indianapolis, Indiana 46204 | $ 120,001.00 |
| Indiana Attorney General<br>Medicaid Fraud Control Unit<br>Re: John Dettmer Investigation<br>402 West Washington Street<br>Room C553<br>Indianapolis, Indiana 46204 | $ 300,000.00 |

_X_ The entire restitution amount is due in full immediately.